IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT ITTERLY, | : |
| | : CIVIL ACTION |
| on behalf of himself and similarly situated employees, | : |
| | : NO. _____ |
| Plaintiff, | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| FAMILY DOLLAR STORES, INC.; and FAMILY DOLLAR STORES OF PENNSYLVANIA, INC., | : COMPLAINT-CLASS ACTION |
| | : |
| Defendant. | : |

## CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiff Albert Itterly ("Plaintiff"), on behalf of himself and similarly situated employees, brings this lawsuit against Defendants Family Dollar Stores, Inc. and Family Dollar Stores of Pennsylvania, Inc. ("Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action pursuant to 29 U.S.C. §216(b), while his PMWA claim is asserted as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1.     Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, while jurisdiction over Plaintiff's PMWA claim is proper under 28 U.S.C. §§ 1332 and 1367.

2.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an individual residing in Gilbert, Pennsylvania.

4. Defendant Family Dollar Stores, Inc. is a corporation maintaining a principal place of business in Matthews, North Carolina.

5. Defendant Family Dollar Stores of Pennsylvania, Inc. is a corporation maintaining a principal place of business in Matthews, North Carolina.

## FACTS

6. Defendants own and operate discount retail stores throughout Pennsylvania. These stores are referred to collectively herein as the "Pennsylvania Stores."

7. One of Defendants' Pennsylvania Stores is located at 1604 South 4th Street, Mountainville Plaza, Allentown, Pennsylvania 18103. This store is referred to herein as the "Allentown Store."

8. Defendant operates all of its Pennsylvania Stores, including the Allentown Store, pursuant to uniform and companywide policies and practices implemented at Defendant's corporate headquarters and enforced by Defendant's corporate representatives.

9. Within each Pennsylvania Store, Defendant employs at least one worker who is paid a fixed salary and holds the job title of Store Manager.

10. From approximately July 2007 until approximately November 2007, Plaintiff was employed by Defendants as the Store Manager assigned to the Allentown Store.

11. Pursuant to Defendant's uniform and companywide policies and practices, the primary duty of Plaintiff and other Store Managers is *not* the management of their store or any department or subdivision thereof. Rather, the primary duty of Plaintiff and other Store Managers is to perform the same non-managerial tasks that are performed by hourly store

2

employees. These tasks include, for example, cleaning the store, unloading trucks, working the cash register, stocking shelves, assisting customers, and completing basic paperwork. Plaintiff and other Store Managers spend virtually all of their time performing these types of tasks.

12. Pursuant to Defendant's uniform and companywide policies and practices, Plaintiff and other Store Managers regularly work over 40 hours per week.

13. Pursuant to Defendant's uniform and companywide policies and practices, Plaintiff and other Store Managers do not receive any compensation for time worked over 40 hours in a workweek.

14. By failing to pay Plaintiff and other Store Managers any compensation for hours worked over 40 in a workweek, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions. Moreover, Defendants have caused Plaintiff and other Store Managers to suffer millions of dollars of lost earnings, and their aggregated claims exceed $5,000,000.00.

## COLLECTIVE AND CLASS ALLEGATIONS

15. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all Store Managers employed at Defendants' Pennsylvania Stores during any time since March 13, 2005. These current and former Store Managers are referred to herein as "the Class."

16. Plaintiff and the Class are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, every class member was subjected to and paid pursuant to Defendant's common business practices, including those practices summarized at paragraphs 6-14 above.

17. The Class includes well over 500 persons – all of whom are readily ascertainable based on Defendant's standard business records – and is so numerous that joinder of all class members is impracticable.

18. Plaintiff is a member of the Class, and his claims are typical of the claims of the Class. Plaintiff has no interests that are antagonistic to or in the conflict with those interests of the Class.

19. Plaintiff will fairly and adequately represent the Class and the interests of all members of the Class, and he has retained competent and experienced lawyers who are able to effectively represent the interests of the Class.

20. Questions of law and fact are common to the Class and include, *inter alia*, whether Defendant, based on its uniform and companywide policies and practices, has misclassified Pennsylvania Store Managers as exempt from the FLSA's and the PMWA's minimum wage and overtime pay requirements under the "white collar exemption" provisions of those statutes.

21. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

22. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. The members of the Class are entitled to injunctive relief to end Defendants' common

and uniform practices of failing to pay plaintiff and the Class any compensation for hours worked over 40 in a workweek.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, Class certification is superior because it will obviate the need for unduly duplicative litigation, which might result in inconsistent judgments about Defendants' practices.

24. Plaintiff knows of no difficulty that will be encountered in the management of this litigation and would preclude its maintenance as a class action.

## COUNT I
### (Alleging Violations of the FLSA)

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

27. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

28. Plaintiff and other members of the Class are covered employees entitled to the FLSA's protections.

29. Plaintiff and other members of the Class are not exempt from receiving FLSA overtime benefits because, *inter alia*, they are not "executive," "administrative," or

"professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

30. Defendants are employers required to comply with the FLSA's mandates.

31. Defendants violated the FLSA by failing to pay Plaintiff and other members of the Class any compensation for time spent working in excess of 40 hours during the workweek.

32. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Asserting Violations of the PMWA)

33. All previous paragraphs are incorporated as though fully set forth herein.

34. The PMWA requires that covered employees be compensated for every hour worked in a workweek. *See* 43 P.S. § 333.104(a).

35. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

36. Plaintiff and the Class are covered employees entitled to the PMWA's protections.

37. Plaintiff and other members of the Class are not exempt from receiving PMWA overtime benefits because, *inter alia*, they are not "executive," "administrative," or "professional" employees, as those terms are defined under the PMWA. *See* 34 Pa. Code §§ 231.81-231.82.

38. Defendants are employers required to comply with the PMWA's mandates.

39. Defendants violated the PMWA by failing to pay Plaintiff and other members of the Class any compensation for time spent working in excess of 40 hours during the workweek.

40. In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and other members of the Class:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Federal Rule of Civil Procedure 23;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class Members;

C. An injunction prohibiting Defendants from engaging in future violations of the FLSA and PMWA;

D. Back pay damages to the fullest extent permitted under federal and state law;

E. Liquidated damages and penalties to the fullest extent permitted under federal and state law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

G.  Such other and further relief as this Court deems just and proper.

Date: March 13, 2008

_____
Peter Winebrake (80496)
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
(215) 884-2491

Todd O'Malley, Esq.
Mary Walsh-Dempsey, Esq.
Sarah A. Walsh, Esq.
O'Malley & Langan, PC
Mulberry Professional Plaza
426 Mulberry Street
Scranton, PA  18503
(570) 344-2667

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), to become a party plaintiff in the accompanying FLSA action. I agree to be represented by The Winebrake Law Firm, LLC (Dresher, PA), and I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

_____
Name (Please Print Clearly)

Albert Itterly