IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT ITTERLY, on behalf of himself and similarly situated employees,<br>    Plaintiff | : : : : : | CIVIL ACTION |
| vs. | : : | NO. 08-1266 |
| FAMILY DOLLAR STORES, INC. and FAMILY DOLLAR STORES OF PENNSYLVANIA, INC.,<br>    Defendants | : : : : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                    **January 30, 2014**

Albert Itterly brought this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, and the Pennsylvania Minimum Wage Act (PMWA), 43 PA. STAT. §§ 333.101–333.115.[1]  The plaintiff worked as a store manager for the Family Dollar Store in Allentown, Pennsylvania from July 21, 2007 until November 24, 2007.  The plaintiff alleged that the defendants acted unlawfully in failing to compensate him for overtime hours worked during this period.  The defendants have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  For the reasons that follow, I will grant the motion in its entirety.

**I.  BACKGROUND**

Albert Itterly was the store manager at the Family Dollar Store in Allentown between July and November of 2007.  During this period, he was compensated by a set

---

[1] The complaint alleged individual and collective claims under the FLSA and individual and class claims under the PMWA. The MDL transferee court dismissed all of the FLSA claims.

weekly salary of $930. In addition, he received a $904.75 bonus in November of 2007. The plaintiff alleges that during his employment as store manager he was misclassified as an exempt employee under the PMWA, and thus not given the overtime pay to which he claims he was entitled. On average, the plaintiff worked sixty-three hours per week. The defendants claim that the plaintiff is not entitled to overtime pay, as he fits into the executive exemption of the PMWA.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and for identifying those portions of the record which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden may be met by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. Summary judgment is appropriate when the non-moving party fails to rebut by making a factual showing "sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Id. at 322.

Rule 56 requires the court to view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.  The court must decide whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.  Id. at 252.

**III. DISCUSSION**

The PMWA requires an employer to pay overtime to an employee working over forty hours in a week at no less than one and one-half times their regular rate.  43 PA. STAT. § 333.104(c).  However, certain categories of employees are exempt from the overtime provisions of the PMWA, including those employees "in a bona fide executive, administrative, or professional capacity."  43 PA. STAT. § 333.105(a)(5).  Employment in a bona fide executive capacity has been defined by the Pennsylvania Bureau of Labor Standards to mean work by an individual:

(1) Whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision.

(2) Who customarily and regularly directs the work of two or more employees.

(3) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to and advancement and promotion or any other change of status of other employees will be given particular weight.

(4) Who customarily and regularly exercises discretionary powers.

3

> (5) Who does not devote more than 20%, or, in the case of an employee of a retail or service establishment, who does not devote as much as 40% of his hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (1)-(4) . . . .
>
> (6) Who is compensated for his services on a salary basis at a rate of not less than $155 per week . . . provided that an employee who is compensated on a salary basis at a rate of not less than $250 per week . . . and whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein shall be deemed to meet all the requirements of this section.

34 PA. CODE § 231.82.  Courts look to the FLSA for guidance in applying the PMWA, in particular to determine definitions of "primary duty" and "management."  See, e.g., Baum v. AstraZeneca LP, 372 F. App'x. 246, 248 n.4 (3d Cir. 2010) ("According to the Pennsylvania courts, 'it is proper to give deference to federal interpretation of a federal statute when the state statute substantially parallels it.'") (quoting Commonwealth, Dep't of Labor & Indus., Bureau of Labor Law Compliance v. Stuber, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003), aff'd, 859 A.2d 1253 (Pa. 2004)); Jean-Louis v. RGIS Inventory Specialists, LLC, C.A. No. 08-2662, 2011 WL 3678532, at *12 (E.D. Pa. Aug. 22, 2011); King v. Dolgencorp, Inc., No. 3:09–CV–00146, 2010 WL 9475736, at *10 (M.D. Pa. May 6, 2010); Paul v. UPMC Health Sys., C.A. No. 06–1565, 2009 WL 699943, at *8 n.1 (W.D. Pa. Mar. 10, 2009) (stating that "[t]he exemptions under both the FLSA and PMWA are identical").

> The parties do not separately address plaintiff's overtime claim pursuant to the PMWA, instead arguing that because the executive and administrative exemptions under the PMWA substantially parallel the FLSA exemptions, the same analysis should apply under both statutes. Although the criteria for these exemptions under the PMWA are not identical to FLSA's criteria, the court agrees that the tests are sufficiently similar that the court's analysis regarding the FLSA exemptions also applies to the PMWA exemptions.

Vanstory-Frazier v. CHHS Hosp. Co., C.A. No. 08–3910, 2010 WL 22770, at *9 (E.D. Pa. Jan. 4, 2010).

The PMWA executive exemption consists of a long test for employees making greater than $155 per week under subsections (1)–(5), and a short test under subsection (6) for employees making greater than $250 per week. 34 PA. CODE § 231.82. The plaintiff was making $930 per week, so the proper analysis includes the short test under subsection (6). There are two steps that must be met using the short test. An employee will qualify as an executive only if: (1) he has a primary duty consisting of management of the enterprise; and (2) this work includes the customary and regular direction of the work of two or more other employees.

### A. Primary Duty of Management

Under the facts of this case, the defendants meet the burden of proving that the plaintiff's primary duty was management of the store. "The term 'primary duty' means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." Dept. of Labor Regulations, 29 C.F.R. § 541.700(a). The regulations set forth a

list of non-exhaustive factors to consider when determining an employee's primary duty, including: "the relative importance of the exempt duties as compared to other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." Id. The regulation goes on to state that while the amount of time spent performing exempt work is a useful guide in determining primary duty, it is not the sole test; though employees spending more than fifty percent of their time performing exempt work will generally satisfy this requirement. Id. at § 541.700(b).

The regulations also provide a non-exhaustive list of factors to consider when determining whether an employee was involved in "management." 29 C.F.R. § 541.102.

> Generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handing employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

Id.

The plaintiff and defendants disagree on each prong of the primary duty test.  The plaintiff argues that he frequently performed non-exempt work; that many of the purportedly managerial duties performed by him were also performed by non-exempt employees; that it was the district manager who really was managing the store; and that the plaintiff barely performed any of the managerial activities listed in 29 C.F.R. § 541.102.  The defendants argue that the plaintiff was the individual actually managing the store on a daily basis, and so his exempt duties were more important than any other duties he was performing as they were essential to the successful operation of the store.

Plaintiff was performing some non-exempt work in addition to his managerial duties.  An employee may be found exempt even when a good portion of his day is spent performing non-exempt work.  See Soehnle v. Hess Corp., 399 F. App'x. 749, 750–51 (3d Cir. 2010) (The plaintiff qualified as an exempt employee despite spending eighty-five percent of her time operating a cash register.  She was the sole store manager, was held accountable for profit and loss, was subject to minimal supervision but was fully responsible for the supervision of several employees, and was making forty percent more than the hourly-wage employees.).  It is clear that the plaintiff performed non-exempt work when he operated cash registers, unloaded freight, arranged merchandise on shelves, and cleaned the store.  It is also clear that the plaintiff was ultimately responsible for the overall management of the store at all times when he was working.  This responsibility of overall management is the key factor or outweighs the fact that the plaintiff performed some non-managerial work.

The plaintiff argues that he was not free from direct supervision in managing the store, as there was close oversight by the district manager. The defendants note that the district manager did not work in the store and was not present in the store on a daily basis. A district manager was present at the store about once a week. They would remain in contact with the store manager through phone and email. It is not necessary for an employee to be free from all supervision in order for a court to find that he is free from direct supervision. See Ward v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 5361482, at *5 (W.D.N.C. Oct. 30, 2012) ("Relative freedom from supervision does not demand complete freedom from supervision." In this case, the plaintiff was found to be free from direct supervision despite a district manager visiting the store weekly.)

The plaintiff was the highest paid employee at the store, making $930 per week. The parties argue over the formulation to be used to calculate the plaintiff's hourly rate, and to whom his salary should be compared.[2] However you compute the plaintiff's hourly wage, his compensation was greater than that of his subordinates. The plaintiff also received a bonus of $904.75, for which none of the nonexempt employees were eligible.

---

[2] The defendants computed the plaintiff's hourly rate to be $14.65. (Defs' Mot. at 17). The nonexempt workers received an hourly wage of $8.21, according to the defendants. (Defs' Mot. at 17). The plaintiff computed his hourly rate to be $12.36. (Pl.'s Mem. of Law in Opp'n at 23–24). The plaintiff argued the comparison should be made against the employee making the next highest salary at the store, which was an hourly rate of $10.00. (Pl.'s Mem. of Law in Opp'n at 23–24).

### B. Customary and Regular Direction of Two or More Employees

Under the facts of this case, the defendants meet the burden of proving that the plaintiff's work consisted of the customary and regular direction of the work of two or more employees. "Customarily and regularly" means "a frequency that must be greater than occasional but which, of course, may be less than constant." Dept. of Labor Regulations, 29 C.F.R. § 541.701. This does not include isolated or one-time tasks. Id. The plaintiff argues he spent significant time working alone or with one other person. The defendants argue that the plaintiff regularly supervised at least two employees, and that the store manager does not need to be physically present with subordinates in order to satisfy this prong. The defendants submitted a table showing that the store reported at least eighty hours of work by hourly employees for each week that the plaintiff managed the store. (Defs.' Reply Mem. at 11). This satisfies the requirements. See, e.g., Ward, 2012 WL 5361482, at *7 ("Family Dollar's records reflect that [the store manager] managed at least 80 employee hours 100% of the time he was a store manager during the relevant time period.").

### C. Additional Family Dollar Stores Cases

There are twenty-one cases in the Western District of North Carolina, with Family Dollar Stores, Inc. as the defendant, which were decided on summary judgment favoring the defendant.[3] The North Carolina cases all involved plaintiffs who were store managers

---

[3] See Ward v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 5361482 (W.D.N.C. Oct. 30, 2012); Ward v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 3745285 (W.D.N.C. Aug. 28, 2012); Ward v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 3637271 (W.D.N.C. Aug. 22, 2012); Ward v. Family Dollar Stores,

and are very factually similar to Itterly's case.  See, e.g., Ward v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 5361482 (W.D.N.C. Oct. 30, 2012) (The plaintiff was the store manager and received a weekly salary of $850.  He was eligible for a bonus based on store performance which other nonexempt employees could not receive.  The plaintiff claimed to have spent ninety percent of his time performing nonexempt work, but he was the person responsible for running and managing the store.  The district manager would visit the store weekly.  The court concluded that the plaintiff was an exempt executive under the FLSA).  In each circumstance, the court granted the defendant's motion for summary judgment.  There have been no compelling reasons presented that would justify ruling differently in this case.  A reasonable jury could not find that the plaintiff falls

---

Inc., No. 3:08 MD 1932, 2012 WL 3614423 (W.D.N.C. Aug. 21, 2012); Ward v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 3542612 (W.D.N.C. Aug. 16, 2012); Ward v. Family Dollar Stores, Inc., 830 F. Supp. 2d 102 (W.D.N.C. 2011); Ward v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2011 WL 5439490 (W.D.N.C. Nov. 9, 2011); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 5929993 (W.D.N.C. Nov. 27, 2012); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 5930140 (W.D.N.C. Nov. 27, 2012); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 5363320 (W.D.N.C. Oct. 30, 2012); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 3528007 (W.D.N.C. Aug. 15, 2012); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 3528094 (W.D.N.C. Aug. 15, 2012); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 3202169 (W.D.N.C. Aug. 3, 2012); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 3191354 (W.D.N.C. Aug. 3, 2012); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2012 WL 3112037 (W.D.N.C. July 31, 2012); Grace v. Family Dollar Stores, Inc., 845 F. Supp. 2d 664 (W.D.N.C. 2012); Grace v. Family Dollar Stores, Inc., 845 F. Supp. 2d 653 (W.D.N.C. 2012); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2011 WL 6020051 (W.D.N.C. Dec. 2, 2011); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2011 WL 3515860 (W.D.N.C. Aug. 11, 2011); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2011 WL 3241455 (W.D.N.C. July 29, 2011); Grace v. Family Dollar Stores, Inc., No. 3:08 MD 1932, 2009 WL 2045784 (WD.N.C. July 9, 2009).

outside of the executive exemption and therefore be entitled to overtime under the PMWA. I will grant summary judgment in favor of the defendants.

    An appropriate Order follows.